Manifort, please call the case. Case 09-1064, Patricia Duss, Appellant Project Lead by Michael O'Connor v. Provena St. Mary's Hospital, handled in cross-deployment by Nancy Lister. Please proceed. Good afternoon, Your Honors. My name is Michael O'Connor, and I represent Patricia Duss. May it please the Court, I had, I think the parties had been previously advised at one point in time by the clerk that there was enough in the appellate record itself that the court could decide this matter without oral argument. I sent back my letter saying I agreed. My opposing counsel asked for oral argument, and that was granted, and last week the clerk contacted me and requested, passed on the request that the issue of jurisdiction be addressed first, and so I will. The verdict came in on this case, which was a slip and fall on August 28th, 2009. Plaintiffs filed their post-trial motion and set it for hearing on September 22nd, and at that time there was an expectation that the defense counsel would enter an agreed order. Just setting a briefing schedule, there was no expectation by any parties that there would actually be a hearing at that time. The record reflects Judge Winselman indicated that he expected plaintiffs' counsel to be there since it was their motion. Two days later, both plaintiffs' counsels, myself and Mr. Romanek, journeyed to Kankakee and presented the motion that had been previously filed. At that time, Judge Winselman indicated that the striking or ruling on September 22nd was not a ruling on the merits and was in fact a reconsideration or restating of the motion that was originally filed. At that time, the defendant then asked to file a conditional post-trial motion, and I'm not sure what a conditional post-trial motion is, but I suggest that whatever it was that was being filed was not conditional. The plaintiff's post-trial motion directed itself solely to a judgment NOV on the issue of contributory negligence. As I understand the defendant's conditional post-trial motion, for which they did file a notice of appeal but has been abandoned, it had to do not only with the contributory negligence but with the issues of liability and damages. Now, the Sears case, and I think the rule itself says success of post-trial motions are allowed, and the Sears explains it with the consolidated case, I think with Drasky, that you can't do this piece here, and the whole point is it could turn into harassment. That's not the case here. For whatever reason, I don't know. There was no anticipation that there would be a hearing on the 22nd other than that there would be a briefing scheduled. What we do know is that the judge didn't rule on the merits of the motion, and as of September 24th, within the 30 days... What did he do with that motion? He struck it. He didn't say that. What's his language? It's dismissed. Okay. That's not a strike, is it? Okay. It was a ruling on... I'll agree that it was a ruling... And you didn't file a motion to reinstate. You filed a motion to reconsider. Yes. That's usually for a ruling, isn't it? Well, the question that came is that the hearing on the 24th, the judge was very clear that he had no intent, nor did he make a ruling on the merits of the plaintiff's post-trial motion. And the problem with... If there's no jurisdiction in this matter, and I don't think we have to get it that way, but if there's no jurisdiction, the plaintiff on the 24th is then left with a dilemma. It can't bring to this court a motion, a post-trial motion, on which the trial court has not made any ruling on the merits, which the judge said, I didn't do. Then he has to appeal the 22nd ruling, which is an abuse of discretion, which this court may or may not grant, but it never gets at the issue which is being appealed, which there really isn't too much of a disagreement. But notwithstanding the technicalities, what we called our motion, or what the... how the judge ruled, the fact of the matter is that the defendant filed their own post-trial motion, and the rule says... The defendant's motion, a post-trial motion, is a motion directed at the judgment. Yes. In what way is the motion the defendant's filed directed at the judgment? Because it's directed at nothing else. No, actually, it's within the motion, and the motion just basically says, look, if you grant the plaintiff's motion, then it ought to go back. It's really a response to the plaintiff's motion, saying, if you grant this, which you shouldn't, then you ought to grant not just... There ought to be a new trial on damages, you know, on the whole suit in that. Correct. And not just take out the imperative at all. That's right, Judge, and I don't know where you're allowed to file a conditional motion like that, but if you are, this is one that wants the cake and eat it, too. Because if it truly was a conditional motion, it would say, okay, if you... Because, remember, the plaintiffs have just asked for a judgment NLV on the contributory negligence. That's it. And that's... The record is either clear or it isn't of whether there was contributory negligence or whether there was anything, but letting the jury speculate on it. If it truly was a conditional motion, it would have said, if you rule, which they asked for, and somehow granted, then we want a new trial on the contributory negligence. They didn't. They wanted the new trial, which was the post-trial motion, they wanted to preserve it on damages and on the issue of negligence itself. Plaintiffs had no contest with any of that. Why didn't you just file when you got dismissed? Why didn't you file an appeal? You mean on the 22nd order? Yeah, the first post-trial motion. Because the judge didn't have an opportunity to rule on the merits of the motion... No, no, no. That's his language in response to your motion to reconsider whatever that was supposed to be. You had how many days between the dismissal and when you filed that motion before the circuit court? Well, it was... I'm not sure I answered your question, but it was up on the 22nd. When did you get dismissed? When did the... December 3rd is the plaintiff's position. No. Read what the judge said. Read the docket entry. When was it dismissed? That would have been September 22nd, Your Honor. Okay. Then what normally happens procedurally when that happens? Well, when there's a ruling on the merits... No, no. What do you do? You file an appeal, don't you? Well, I think once you have a ruling on the merits, you have 30 days in which to file the appeal or within the 30 days from the last motion, post-trial motion ruled on. Let me ask you this. If you file a post-trial motion and you walk in right here in the court and you say, Your Honor, I present my post-trial motion. He says, Counsel, I don't like your tying motion denied. Okay? Now, he hasn't addressed the merits. He said, I don't like your tying. I'm a cantankerous old guy. I'm denying your motion. Do you get a final motion to reconsider or will that be a final motion to reconsider? I might wear a different tie, but the point was this, Judge, is that I might file a motion to reconsider, but the fact of the matter is... Do you think that would toll the 30 days? If he vacated it, because that's basically what happened here, because if I truly thought that the judge was ruling on the merits or trying to make a final disposition, then I would appeal it. But here we went down two days later, and he said specifically on the record, I wasn't making a ruling on the merits. I didn't mean to foreclose the post-trial motion. I'm setting it back as it originally were, and I'm going to set a briefing schedule. And that was the judge's intention. It's pretty clear. Now, it's hard to be perfect. It's hard to be perfect every day. He came in that day, and he would have liked to have seen one of us there. You know, we came two days later. Both of us came down, because we meant no disrespect toward the court. And I think His Honor realized that he didn't want to prejudice. What we perceived was an appealable issue. And he said, at that point, on the 24th, I didn't make a ruling on the merits. And, you know, at that point in time, to answer your question, why didn't I appeal? I'm in a dilemma, Judge. I have a judge who said I didn't rule on the merits, which is hard to come up here and say, we don't know what the trial judge thinks. He might have granted it, as opposed to striking it, dismissing it on the 22nd. Nevertheless, and I think no matter what we call the motion, and I think the substance was, this wasn't a successive post-trial motion, which Sears doesn't like and which nobody likes, especially after 30 days. This was within the 30 days, and it was the exact same motion. We didn't modify it or tweak it or add something else to gain an unfair advantage. It was the exact same thing. And the judge, two days later, said, hey, I'm going to let it be appealed. Now, that being one issue on jurisdiction, the other one is the defendants filed something. Now, it wasn't a motion to amend the pleadings like an invert or something else. Their motion is only directed at the judgment. They call it conditional. Well, I don't think it was conditional because they wanted the whole aspect of it, liability and damages. But only in the event that your motion was directed. Well, I don't. Is that a fair situation? Well, I suppose, yeah, I think that's a fair statement, Judge. But the fact of the matter is that you have 30 days. Either you're going to appeal or you're not going to appeal. Do you want to do a trial on damages? Do you want to do a trial on liability? You've got to choose, okay? You've got to choose. That's the 30 days. They go, no. They said, if somehow they can win just on the judgment NOB, which is very... Then we want to have the whole apple there. We want the cake and we want to eat it too. I don't think the rules allow that. It is a post-trial motion that goes to nothing but the judgment. Okay. And, you know, initially they filed it by a lacrosse appeal, by an order of appeal. Then they abandoned it. But it has some substance. Okay. And if there's no other, I want to... I mean, you've got some issues on the merits here too. Yes. If I can, basically... Counselor, you have two minutes. Okay. I'll make it quick. We believe that the defense... We never said they admitted liability. We said they admitted that no one, no one, not that there are no eyewitnesses, but that no one knows what the plaintiff was doing. If I can use an analogy, if someone slips on a fruit in an orchard and the defendants come in and say, there are no apple trees in this orchard, and the apple is the predatory negligence, then it's on their burden to prove that an apple was in there. But they've already admitted there are no apple trees in this orchard. There are no one who knows what the plaintiff did. That's a judicial admission. It's decided by each case. But they admitted that clearly and unequivocally. Beyond that, the evidence itself, everybody who testified, they may have speculated. Everybody said, I never saw him before I heard the thud. I never saw him until after it fell. The only testimony that came in about Plaintiff's conduct was the agreed-upon testimony from his discovery deposition. He was walking. That's all. And there's nothing anywhere, any place, that says what he did was somehow negligent or could approximately cause his injury. If I'm walking down the hall in a hospital, should I get any duty to watch out for big old laundry carts coming down the hall? We all have the order of duty of care. But the problem is there's no testimony here. If he's walking and had to look this way and someone bumps him from this side, is that negligence? The problem is there's no testimony whatsoever that what he did. Well, there was no evidence that the laundry cart was coming down the hall at 75 mile an hour either. No, the only evidence was that if the laundry cart was there and somebody else was there, the laundry cart had the duty to give way, and the testimony is that this fellow couldn't see where he was going. So, I mean, the plaintiff's point is anything the jury came up with in terms of plaintiff's conduct, that it was negligent and that somehow that negligence was somehow causative of this injury is speculation and guess. The defendants admitted it in the opening statement that no one could testify to the plaintiff's conduct. The testimony offered nothing else in there that would suggest the plaintiff did something or did something negligently and did something negligently that caused his injury.  Thank you, counsel. I'm always walking in our groups with us, sorry. Good morning, Your Honors. My name is Nancy Lesher, and I represent the defendant of Appley Provena St. Mary's Hospital. I'd like to just add and address the jurisdictional issue first, as this Court has requested, but I'd like to supplement the facts a little bit. There was no agreement for an agreed order. What Dan Sovchak, my trial attorney, said, and he told the Court this repeatedly at that first hearing, that he had told the plaintiff's attorneys he was going to ask for more time. And I have to say, this trial attorney is a fair shooter, so the judge says, well, they're not here. And Dan says, well, but Judge, I told them I was going to ask for time to respond. And the judge, like the time analogy, was just didn't care. The movement wasn't there to represent himself and to represent and present the motion, and so he did not strike this motion. He, in fact, denied it, and that's very clear in this record. The written order, and this is, I think, important, says, leave to file its previously filed post-trial motion. So now the question is, well, what is that? I submit that there is no jurisdiction because the notice of appeal was not timely filed within 30 days of that denial, which was the 22nd. The time ran on October 22. This motion, both by its title and substantively, states it's a motion to reconsider, and the plaintiff in the prayer says, please reconsider the ruling you issued on September 22. So it's clearly a motion to reconsider. Only at the point that the plaintiff appeals does Rule 303A2 get triggered, and this court must then decide its own jurisdiction. And that rule says, no request for reconsideration of a ruling on a post-trial motion tolls the time to appeal. That's one way to look at this, and that's, I think, the correct way to look at this. But the other possibility is what the plaintiff effectively is arguing, is that this was a second post-trial motion. He says it wasn't successive, but the first motion was denied. It was never vacated. Instead, plaintiff is granted leave to again file the same motion. So it is arguably a successive post-trial motion that's prohibited by Sears. Your Honors, the question, the second issue is the effect of the conditional post-trial motion. What about the statement the judge made where he said he was reinstating the post-trial motion and that he would be back on the original motion now that they are here? Yeah. He said now that they're here, we're on the original motion. I'll reinstate the post-trial motion. That's what he said. It's what he said in court, but I think the operative order is what he put in writing. What he put in writing was, quote, leave to file its previously filed post-trial motion, end quote. So he gave leave to file the previously filed motion. I think that a written order governs over what's said in court. I can provide that authority after argument. But even if the trial court thought he had the ability to reinstate that motion, even if he thought he had that power, the bottom line is Supreme Court rules trump that. And at the point they appeal, the question is you reinstated the motion. It's a motion to reconsider. You reinstated it. That's a motion to reconsider, and that does not extend the time to appeal. So even if it's a reinstatement, it's the result of reconsidering a decision. Well, he reconsidered. He vacated, in essence. He vacated the order. Didn't he dismiss it? He didn't vacate it, not the first one. In essence, he did. He said you're reinstating. I'll reinstate the post-trial motion. That's what he said. Right. And I'll be happy what the written order is. Can you read back on your original motion? I know that's what he said. It's what he said, but it's not what is operative. What's written is what counts. He dumped the case because somebody wasn't there, and a couple days later he said, okay, now that you're here, well, we're here. And it's not unfair what happened, because just as Justice Schmitt's example about the tie, he absolutely could have appealed at that point. This court would have said, geez, this is an abuse of discretion. When the opponent comes up and says, hey, Judge, it's his motion, he couldn't make it, I was going to ask for time, would this court find an abuse of discretion for denying a post-trial motion on that ground? Well, in reality, at that point, aren't you talking about the verdict anyway? I mean, in a civil case, you have to file a post-trial motion. Yeah. From a jury verdict, yeah. But then at that point, once it gets there, but really, even though you're talking about denial, when we're talking about and appealing to denial of these post-trial motions in jury cases, what we're really talking about is not what happened at the motion hearing, but what happened at the trial, right? Well, Judge, this trial judge had the authority to deny this motion on the merits for violating its own court's policy and procedures. And this court said, I think at all three hearings, that this case has been in front of me for seven years, everybody knows that you have to be here if you're the move-in. And he just said it over and over. Now, he did give them leave to refile the previously filed motion, but this court, I mean, he doesn't have the last word on the effect of his ruling. If the trial courts had the last word on whether their rulings were correct or not, there's no reason to have an appellate court with all due respect. Well, the other point is here is whether we're set up. Jurisdiction is a question of law and the Supreme Court. Either we have it or we don't. Correct. And we can't say, gee, they're a nice guy or this, you know, either we have it or we don't. And it's not something that we can, you know, say, well, let's give somebody a break here and do that. The Supreme Court has made it pretty clear that we've got to either it's there or it isn't. And it's that simple. I agree, Your Honor. And the public policy on this, which is all outlined in Sears, that says, you know, there's nothing in the rules of the code that permits this. You have to follow our rules. Successive post-trial motions prolong these cases. You know, the truth is a bright line on these jurisdictional rules protects both the plaintiffs and the defendants. It also helps these trial judges. This trial judge didn't understand his authority, basically. And he didn't deliberately enter an erroneous order, but he thought he was doing the right thing. So is this sort of a trap for the unwary if one side says, I'm going to ask for a continuance and not argue today because I need some more time to do something, so one side doesn't show up as a consequence? It really is a trap for the unwary because, according to this judge, this case had been there seven years, and for seven years, everybody knew his policy and his courtroom requirement that you appear on your own motion. I don't think it's unwary. But it's not, Your Honor, you're right. This is not an equitable kind of a situation. But let's look at the equities anyway because I think these bright-line jurisdictional requirements by the Supreme Court and the case law has been clear. But in this case, it really wasn't unfair. Defendant objected before the time it expired to the jurisdiction of the appellate court. Sears was long established, and Sears cites to a case from 1970 about successive post-trial motions. This plaintiff knew or should have known in the seven years that there were policies and procedures about how to present your own motions. It's not unfair because the defendant repeatedly told the judge, the trial judge, look, I told him I was going to ask for more time. And if the judge says he doesn't care, well, what are you going to do? You know, he could have appealed. It's not unfair because he really could have appealed the denial of the September 22, the first denial of the first and only I submit post-trial motion. And it would have gone up on an abuse of discretion, but that's the way to handle that. The other thing is, as this court knows, how often have you seen protective notice of appeals? People who file appeals just in case. I mean, I do this regularly. If there's a jurisdictional issue, and I don't know if Illinois courts talk about the phrase but federal courts talk about this quite a bit, and it is an acceptable way to protect yourself. It's like pleading the alternative. Your Honors, if you have, do you have any questions on jurisdiction? I'll move to merits. Okay. Briefly, Your Honors, the plaintiff relies really on the lack of direct evidence, and he would have this court disregard the circumstantial evidence. He says, well, he doesn't care that there's no direct eyewitness testimony, but if there's no eyewitness testimony, then you have to look at the circumstantial evidence. And here the circumstantial evidence shows that there were open and obvious conditions. There were dangers. There was a large and heavy and very slow moving cart, weighed hundreds of pounds. There was obvious construction going on in the room. In the ER, the cement floor was being laid, so it was wet. There was a fan trying to dry that. There were warning signs around the wet cement, and everyone else managed to avoid this construction. The cart paid attention to the warning signs. The jury had to decide a lot of conflicting evidence, such as where was Mr. Dustright walking? Was he walking straight ahead like he said, or did he veer off to construction like Boomsma said? What was he doing? Was he pushing the gurney, or did he veer off like Boomsma said? And I would like to stand corrected. He did testify he wasn't holding on to the gurney 100% of the time, so I stand corrected. I said that incorrectly in my brief. Another question that the jury had to decide was you've got to love George Giroux's testimony, this guy who pushes a cart around for a living, and he is so honest. And he says, you know, I don't know. I thought it was a touching. Maybe I bumped somebody. Yeah, maybe I did. Yeah. Don't you think that if I touched somebody, I'd know it? This is a guy who he just doesn't really know what happened, but it was possible, and he did say that it was possible. But he also said, well, did he touch me or did I touch him? He didn't know. And the jury had to make that decision. There was an issue about the warning signs. I mean, the jury saw photographs about these warning signs, and they heard testimony there were six. They also heard testimony there was one. So was that sufficient? Did Mr. Dust just ignore the warning signs, the fan, and the construction? The Supreme Court in the Ward case, my favorite case, where a man walks in, passed columns, walks out with mirrors, runs into columns. This is something I might do to myself. But the court then holds, while they considered it as a duty issue, they did say the fact that an injury results from encountering a known or open and obvious condition is clearly a proper factor to consider with comparative negligence. Counsel, you have two minutes. I believe I won't use them. There's really no basis for reversal on the merits, Your Honors. Even if this court, I don't think this court has jurisdiction, but even if it did, I submit, the plaintiffs have the obligation to look where they're walking, given open and obvious conditions. For these reasons, and the reasons stated in my brief, if there are no further questions? Thank you, Your Honors. Counsel? Briefly, Your Honors. Counsel emphasizes that the trial court had the authority to make the ruling on the merits on this. And that's true. The fact is, on the 24th, we know he didn't. Never intended to and said, I didn't. Your question, Your Honor, is this a trap for the unwary? Counsel's response is, hey, for seven years, Mr. Sopcich was involved in the seven-year litigation, that everybody had to be there. Well, why would Mr. Sopcich agree with plaintiff's counsel that he'll enter this briefing schedule if defense knows that the plaintiff is going to be penalized because it's the court's rule? I don't understand that argument. And I'll leave it there. What could Mr. Sopcich do when he said, hey, I told him I was going to ask for time? He could have said, let me call the plaintiff, let me get him here if they want to present this motion or they can withdraw it, or let me find out when they want to put it over. That's another issue as to civility and how cases are conducted? You know what, and I understand that, and I'm sympathetic, quite frankly, to this. I've tried a lot of cases, several cases around the state, okay? And, however, once the trial judge denies the motion, then, because really on appeal, even though you're appealing from the denial of the post-trial motion, what you're talking about is all the evidentiary issues in the trial and the comparative fault. And you don't really, you know, this is a, given a trial judge a chance to do it right, but nobody ever argues up here after a post-trial motion is denied about what happened at the hearing on the post-trial motion. They talk about what happened at the trial. So when he denied the motion, why not file a notice of appeal? And, like I said, I'm really sympathetic. I don't know. We've got rules that they say either we've got jurisdiction or we don't. But I think it was, I can see where some of you get confused. Well, I think, two things, Judge. I think that this was the same motion. It wasn't a successive motion. It was the exact same motion. If the judge had decided the post-trial motion and we pointed out, you know, you forgot the total this, that, and he goes, you know what? Good point. I'm going to reverse my ruling on the post-trial motion. This was all within 30 days. And secondly, there's the whole point of the defendant's post-trial motion. So you're asking, why didn't I file the appeal on the 22nd? Because I knew the judge, he wasn't ruling on the merits, didn't intend to. The plaintiff said, I mean, the defendant said their own post-trial motion. It's a question of how much judicial time do we waste or do we get at the merits? And that's the answer to the question. Well, how much time have we wasted? Well, I don't think we've wasted any so far, Your Honor. Well, you went a long ways down the road in front of the circuit court before you filed an appeal. Actually, if I follow your argument, it will only be the 22nd to the 24th. Well, assuming you had your protection. Absolutely, Judge. That underlines everything I said. As far as, once again, as far as the second part, the merits of the case, the JLV on the contributory negligence, the defendant's talking about the construction area, had nothing to do, there's nothing about, there's no testimony or any indication that the signs were knocked over, the cement was walked in before or something. That's the classic red herring. The only, where the construction area, he happened to be knocked into some cement. But the testimony in the record is those signs that were all in the same place. What about slipping on wet cement? There's no testimony. The only testimony is that he's on his knees. That's my point. All the testimony is before and after. Everybody who testified is, everything is fine. The only thing that we know is there's a thud, Boomsma looks around, and there's the plaintiff in the wet cement. Do you have any statements to some of the people at the hospital that slipped? Well, that's not inconsistent with, I think there's two things. There's Boomsma, which is, I mean, Jackie Boomsma, no, Jackie Bruno, which is a totally different incident, talks about slipping. There's something about the, he never says that he, which is hearsay, but he never says that he slipped that isn't in connection with falling on his knees with the car. So, I mean, I guess that's why we filed and only asked for the judgment. It'll be the record is what it is. We didn't ask for a new trial because the testimony came in, the jury heard the evidence. But the problem was that the issue of contributory negligence was presented. I don't think there was any evidence for it to be there. But once it's there, and this is why I objected to it, it's a line, they filled it in, and the only reason they could fill it in was speculation, guess. And this is especially true because they get 50% on it. They get 50, you just know that that comes not from facts, not from causation, not from negligence, but speculation. So, I plan to ask that you take jurisdiction in this case and consider the judgment it will be. Thank you, Your Honors. Thank you. We will take this case under advisement.